UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-81024-RLR

SHARON TULLOCH,

    Plaintiff,

v.

REGIONS BANK,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION
TO STRIKE PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Defendant's Motion to Strike Plaintiff's Statement of Material Facts in Opposition to Defendant's Motion for Summary Judgment and Deem Defendant's Statement of Undisputed Material Facts Admitted in its Entirety [DE 48]. On June 29, 2018, Defendant filed a motion for summary judgment. Defendant also filed a separate Statement of Undisputed Facts supporting its motion for summary judgment. Plaintiff's responses to the foregoing were due on July 13, 2018. On July 12th, the day before the deadline, Plaintiff requested additional time to respond to Defendant's Motion and Statement of Material Facts. DE 31. The Court granted that request and gave Plaintiff an extension through July 30, 2018. DE 32. On July 30th, the day of the deadline, Plaintiff filed her response. DE 36, 37. The Court immediately struck Plaintiff's Response to Defendant's Statement of Undisputed Material Facts. DE 38. The Court's paperless order read as follows:

> PAPERLESS ORDER STRIKING Plaintiff's Response at docket entry 37. Plaintiff's Response does not conform to the Court's requirements at docket entry 8. Specifically, although Plaintiff was given additional time to respond, Plaintiff did not file a response to Defendant's statement of facts as a separate docket

entry, does not cite directly to attached exhibits, commonly cites to documents by name, and does not clearly list whether each of Defendant's facts are disputed or undisputed. Furthermore, Plaintiff's Response to Defendant's Statement of Facts comingles additional facts with facts that Plaintiff is supposed to cite in dispute of a particular fact. By way of example, Defendant's fact #18 contends that Plaintiff volunteered to overnight a cashier's check. Plaintiff's response to fact #18 does not clearly cite to evidence for the contention that Plaintiff did -not- volunteer to overnight a check, and instead discusses -additional- facts that are not germane to the question of whether Plaintiff volunteered to send a check. In light of the fact that the Court has already granted Plaintiff additional time to file a Response, Plaintiff is ORDERED to immediately review the Court's order of requirements at docket entry 8 and file an amended Response within forty-eight hours of the time of rendition of this Order.

DE 38. Notwithstanding the fact that the Court gave Plaintiff forty-eight hours to review the Court's order of requirements and submit an amended response, Plaintiff filed her Amended Response thirty-eight minutes after receipt of the Court's order. DE 39. Plaintiff's Amended Response was virtually unchanged from her original Response. As a result of Plaintiff's failure to substantively respond to the Court's order, Defendant has filed the motion to strike presently before the Court. In support of its request, Defendant cites to the Federal Rules of Civil Procedure, the Local Rules of this district, case law considering Local Rules on summary judgment motions, and the Court's prior orders in this case.

With respect to the Federal Rules of Civil Procedure, Rule 56(c)(1) states that if a fact is disputed, the dispute must be supported by "citing to particular parts of materials in the record."

With respect to the Local Rules of this district, the Local Rules require a respondent to follow the same numbering system used by the movant. Local Rule 56.1. The Local Rules also require a respondent to cite evidence in support of any dispute of fact. *Id.* If a respondent does not comply with the Local Rules, the Local Rules *require* facts to be deemed admitted:

> All material facts set forth in the movant's statement filed and supported as required above **will be** deemed admitted unless controverted by the opposing party's statement.

*Id.* (emphasis added). Courts in this district routinely deem facts admitted when a respondent does not comply with the local rules. *E.g., Alpine Capital v. Satori Waters, LLC*, No. 17-CV-81164, 2018 WL 3833531, at *2 (S.D. Fla. Aug. 13, 2018).

With respect to the case law cited by Defendant, the Eleventh Circuit has considered local rules resembling Local Rule 56.1. For example, in *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008), the Eleventh Circuit recognized the validity of deeming facts supporting a motion for summary judgment admitted when a response did not correspond to the movant's numbering system. The Eleventh Circuit noted that it held local rules deeming material facts admitted "in high esteem." *Id.* The Eleventh Circuit supported its position by noting that "judges are not like pigs, hunting for truffles" and that the purpose of requiring parties to cite evidence in a certain way on summary judgment was so that the "parties organize the evidence rather than leaving the burden upon the district judge." *Id.* (quoting *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)). The Eleventh Circuit held that local rules such as Local Rule 56.1 "served a vital purpose" and that "litigants ignore them at their peril." *Id.* (quoting *Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007)).

With respect to the Court's orders in this case, the Court entered a detailed order of requirements for motions for summary judgment at docket entry 8. In that order, the Court provided Plaintiff with detailed instructions on how to cite evidence in response to a motion for summary judgment. The Court even provided Plaintiff with visual examples, including the following:

3

> **RESPONDENT'S STATEMENT OF DISPUTED FACTS
> IN OPPOSITION TO MOVANT'S STATEMENT OF MATERIAL
> FACTS AND STATEMENT OF ADDITIONAL MATERIAL FACTS
> IN OPPOSITION TO MOVANT'S MOTION FOR SUMMARY JUDGMENT**
>
> Paragraph 1: Undisputed
>
> Paragraph 2: Disputed. The contract for sale was never executed. Exhibit A, ¶ 5.

DE 8 at 11. In addition to the explicit instructions provided to Plaintiff in the Court's order of requirements, the Court also gave Plaintiff notice of her deficient Responses in a prior paperless order.

Having discussed the standard applicable to Plaintiff's Amended Response, the Court now sets forth below the germane portions of Plaintiff's Amended Response:

> 1. With respect to Paragraphs 1-3, 37-43, 57-60, 62-65, Plaintiff concurs with the facts stated in these paragraphs.
>
> 2. Plaintiff denies the facts asserted in the remaining paragraphs, and sets forth the following conflicting material facts:

DE 40 at 1. Subsequent to these two paragraphs, Plaintiff sets forth her own version of the facts (which the Court construes as additional facts) in 35 separate paragraphs. Plaintiff's Response is deficient for several reasons. First, Plaintiff does not follow the numbering system used by Defendant. Defendant's Statement contains 78 paragraphs of facts. DE 28. Plaintiff has not filed responses to these 78 paragraphs, and has instead utilized her own numbering system, the vast majority of which appears to be new, additional facts. Second, Plaintiff has not provided citations to support her dispute of certain facts. Plaintiff avers that she disputes the facts "in the remaining paragraphs" but her purported dispute does not contain citations to evidence, nor

could it since Plaintiff has not utilized the same numbering system as Defendant, which the Local Rules require. Third, Plaintiff's proffered additional facts cannot be utilized by this Court to determine whether Defendant's Statement contains disputed facts. The Court would be left to guess which of Plaintiff's 35 paragraphs was intended to correspond to Defendant's 78 paragraphs. This sort of impermissible guessing is precisely why the Local Rules of this district and the Court's own order of requirements require respondents to dispute a movant's facts in a particular, precise, and controlled way. As discussed by the Eleventh Circuit in *Reese v. Herbert*, Plaintiff has "ignore[d the rules] at [her] peril." 527 F.3d at 1268.

Because Plaintiff has not complied with the Federal Rules of Civil Procedure, the Local Rules of this District, the Court's order of requirements, or the Court's order striking her prior Response, it is **ORDERED** that Defendant's Motion to Strike is granted insofar as all of Defendant's facts supporting its Motion for Summary Judgment are deemed admitted.[1] The Court does not strike Plaintiff's additional facts—the Court will address those facts, if necessary, in its forthcoming order on Defendant's Motion for Summary Judgment.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 14th day of August, 2018.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[1] For reasons that will be set forth in a forthcoming order, Defendant's Statement of Facts is properly supported with citations to record evidence.